SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
CALON RUSSELL, OR Bar No. 094910
crussell@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:  415.774.3159
Facsimile:  415.434.3947

*Attorneys for Defendants*
COMPASS WASHINGTON, LLC,
COMPASS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

[PORTLAND DIVISION]

| | |
|---|---|
| JESSICA MURCH, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>COMPASS WASHINGTON, LLC and COMPASS, INC.,<br><br>                    Defendants. | Case No. 3:25-cv-01039-SB<br><br>*Hon. Stacie F. Beckerman*<br><br>**ANSWER TO CLASS ACTION COMPLAINT TCPA (47 U.S.C. § 227)**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1.    This Paragraph contains statements of purported law or legal conclusions for which no response is required.

2.    This Paragraph contains statements of purported law or legal conclusions for which no response is required.

3.    Defendants deny the allegations in this Paragraph.

### PARTIES

4.    Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

5.    Defendants admit the allegations in this Paragraph.

6.    Defendants admit that Compass Washington, LLC is a Delaware limited liability company.  Except as expressly admitted, Defendants deny the allegations in this Paragraph.

### JURISDICTION AND VENUE

7.    This Paragraph contains statements of purported law or legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in the Complaint.

8.    This Paragraph contains statements of purported law or legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in the Complaint.

9.    This Paragraph contains statements of purported law or legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in the Complaint.

## BACKGROUND

**A.      The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

10.     This Paragraph contains statements of purported law or legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in the Complaint.

11.     This Paragraph contains statements of purported law or legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in the Complaint.

12.     This Paragraph contains statements of purported law or legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in the Complaint.

13.     This Paragraph contains statements of purported law or legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in the Complaint.

## <u>FACTUAL ALLEGATIONS</u>

14.     This Paragraph contains statements of purported law or legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in the Complaint.

15.     Defendants deny the allegations in this Paragraph.

16.     Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

17.     Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

18.     Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

19.     Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

20.     Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

21.     Defendants lack sufficient information to either admit or deny the allegation in this Paragraph that Plaintiff has never been a customer of Compass, and on that basis, deny the same. Defendants deny the allegation in this Paragraph that Plaintiff never consented to receive calls or text messages from Compass.

22.     This Paragraph contains statements of purported law or legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in the Complaint.

23.     Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

24.     Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

25.     Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

26.     Defendants admit that Ms. Olson is an independent contractor of Compass Washington, LLC.  Except as expressly admitted, Defendants deny the allegations in this Paragraph.

27. Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

28. Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

29. Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

30. Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

31. Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

32. Defendants admit that Mr. Sanger is an independent contractor of Compass Washington, LLC. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

33. Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

34. Defendants lack sufficient information to either admit or deny the allegation in this Paragraph that Plaintiff does not own the subject property, and on that basis, deny the same. Defendants deny the allegation in this Paragraph that Plaintiff did not request the Defendants' services.

35. Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

36. Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

37.     Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

38.     The webpages referenced in this Paragraph speak for themselves.  Except as expressly admitted, Defendants deny the allegations in this Paragraph.

39.     The webpages referenced in this Paragraph speak for themselves.  Except as expressly admitted, Defendants deny the allegations in this Paragraph.

40.     Defendants admit that Defendants sell their real estate services through their licensed real estate agents; that these agents communicate via telephone and text messages, among other forms of communication; and that these agents receive a commission based on the sales price.  Defendants lack sufficient information to either admit or deny the allegation in this Paragraph that Defendants' agents are compensated for their services as all other real estate agents.

41.     Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

42.     Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

43.     This Paragraph contains statements of purported law or legal conclusions for which no response is required.

44.     Defendants deny the allegations in this Paragraph.

45.     Defendants deny the allegations in this Paragraph.

46.     Defendants deny the allegations in this Paragraph.

47.     Defendants deny the allegations in this Paragraph.

48.     Defendants deny the allegations in this Paragraph.

## CLASS ACTION ALLEGATIONS

49.     Defendants incorporate their responses to Paragraphs 1 through 48 herein.

50.     This Paragraph contains only a description of the classes that Plaintiff purportedly seeks to represent, to which no response is required.  To the extent a response is required, Defendants deny that this action is properly brought as a class action.

51.     This Paragraph contains only a description of the classes that Plaintiff purportedly seeks to represent, to which no response is required.  To the extent a response is required, Defendants deny that this action is properly brought as a class action.

52.     Defendants deny the allegations in this Paragraph.

53.     Defendants deny the allegations in this Paragraph.

54.     Defendants deny the allegations in this Paragraph.

55.     Defendants deny the allegations in this Paragraph.

56.     Defendants deny the allegations in this Paragraph.

57.     Defendants deny the allegations in this Paragraph.

### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

58.     Defendants incorporate their responses to Paragraphs 1 through 57 herein.

59.     This Paragraph contains statements of purported law or legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in the Complaint.

60.     Defendants deny the allegations in this Paragraph.

61.     Defendants deny the allegations in this Paragraph.

62.     Defendants deny the allegations in this Paragraph.

63.     Defendants deny the allegations in this Paragraph.

## COUNT II
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Internal DNC Class)

64.    Defendants incorporate their responses to Paragraphs 1 through 63 herein.

65.    Defendants deny the allegations in this Paragraph.

66.    Defendants deny the allegations in this Paragraph.

67.    Defendants deny the allegations in this Paragraph.

## PRAYER FOR RELIEF

Defendants deny all allegations in Plaintiff's Prayer for Relief and deny that Plaintiff is entitled to any requested relief.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Standing/Jurisdiction)

1.    This Court lacks subject matter jurisdiction because Plaintiff has not suffered any injury or harm cognizable under Article III of the United States Constitution.

## SECOND AFFIRMATIVE DEFENSE

(Failure to State a Claim)

2.    The Complaint, and the claims therein, fail to state a claim for which relief can be granted and should, therefore, be dismissed.

## THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

3.    Plaintiff has failed to bring her claim within the statutory time limit required by the applicable statute of limitation.

SMRH:4910-8499-1832

**FOURTH AFFIRMATIVE DEFENSE**

(FCC Primary Jurisdiction)

4.    The Federal Communications Commission ("FCC") has primary jurisdiction regarding some or all of the issues in dispute in this matter.

**FIFTH AFFIRMATIVE DEFENSE**

(Prior Express Consent)

5.    Plaintiff gave sufficient prior express consent for any calls or texts.

**SIXTH AFFIRMATIVE DEFENSE**

(Established Business Relationship)

6.    Plaintiff is barred from recovering because she conducted a financial transaction or purchased, rented, or leased goods or services within 18 months of the calls at issue or made an inquiry within three months of the calls.

**SEVENTH AFFIRMATIVE DEFENSE**

(Reasonable Practices and Procedures)

7.    Defendants have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the Telephone Consumer Protection Act ("TCPA") and its regulations.

**EIGHTH AFFIRMATIVE DEFENSE**

(Not A Residential Telephone Subscriber)

8.    Plaintiff is not a "residential telephone subscriber" within the meaning of the TCPA and its regulations and/or she did not receive the calls at issue on her "residential" phone line.

**NINTH AFFIRMATIVE DEFENSE**

(No Telephone Solicitation)

9.    Defendants did not initiate a "telephone solicitation" to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

(No Automatic Telephone Dialing System)

10.    Plaintiff's claim is barred, in whole or in part, because no calls were made using an "Automatic Telephone Dialing System" within the meaning of the TCPA.

## ELEVENTH AFFIRMATIVE DEFENSE

(Compliance with Law)

11.    Defendants' conduct was prescribed by law and Defendants complied with that law.  Defendants are therefore shielded from liability.

## TWELFTH AFFIRMATIVE DEFENSE

(Privilege and Justification)

12.    The Complaint is barred on the ground that any and all acts alleged to have been committed by Defendants, or any of their agents or employees, (a) were committed in the exercise of good faith and with probable cause, (b) were reasonable, justified and privileged under the circumstances, and/or (c) did not violate the law, including 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Knowing or Willful Misconduct)

13.    Any conduct or violation by Defendants was not knowing or willful.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Lack of Intent/Good Faith)

14.    Defendants acted in good faith and without intent to harm Plaintiff or to engage in any known wrongful act or violation of law.  If any violation occurred, it was in error, notwithstanding the maintenance of procedures reasonably adopted to avoid wrongful acts or violations of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Fault of Third Parties)

15.    Third parties to this action caused or contributed to Plaintiff's damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Vicarious Liability)

16.    Defendants did not control, supervise, direct, or advise anyone to place the alleged calls and therefore Defendants cannot be liable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Agency)

17.    Anyone who may have placed the alleged calls was not an employee or agent of Defendants, and thus Defendants cannot be liable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Ratification)

18.    Defendants did not ratify or approve of any intentional, willful, malicious, fraudulent, or oppressive acts of any of its employees, agents, or independent contractors.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

19.    Defendants did not proximately cause any damages, injury, or violation alleged in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (*De Minimus* Harm)

20.    The contribution of Defendants to Plaintiff's alleged harm, if any, was *de minimus*.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Estoppel)

21.    Defendants are informed and believe, and based thereon allege, that the Complaint is barred by the doctrine of estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Laches)

22.    Defendants are informed and believe, and based thereon allege, that the Complaint is barred by the doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Waiver)

23.    Defendants are informed and believe, and based thereon allege, that the Complaint is barred by the doctrine of waiver.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

24.    Defendants are informed and believe, and based thereon allege, that the Complaint is barred by the doctrine of unclean hands.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Fault of Plaintiff)

25.    Plaintiff, by her own conduct, caused or contributed to her damages, if any.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Due Process)

26.    The Complaint is barred on the grounds that any award of statutory penalty against Defendants under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) would violate the due process rights afforded Defendants under the United States Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Equal Protection)

27.    The Complaint is barred on the grounds that any award of statutory penalty against Defendants under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) would violate the equal protection rights afforded Defendants under the United States Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Excessive Fines)

28.     The Complaint is barred on the grounds that any award of statutory penalty against Defendants under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) would violate the prohibition against excessive fines afforded Defendants under the United States Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(No Class Action)

29.     Class treatment is inappropriate due to lack of numerosity, commonality, typicality, predominance, and adequacy, and because a class action is not otherwise a superior method of adjudicating this dispute.

## THIRTIETH AFFIRMATIVE DEFENSE

(Venue)

30.     Plaintiff's claims are barred due to improper or inconvenient venue.

## RESERVATION OF RIGHT TO AMEND ANSWER

Defendants hereby give notice that they intend to rely on such other and further defenses as may become available during discovery in this action, and reserve the right to amend their Answer to assert any such defenses.

## PRAYER

**WHEREFORE**, Defendants pray that this Court enter a judgment as follows:

1.     That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants;

2.     That Plaintiff take nothing by way of the Complaint;

3.     That Defendants be awarded their costs of suit incurred in defense of this action, including their reasonable attorney's fees; and

4.     For such further and other relief as the Court may deem just and proper.

Dated: August 11, 2025

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**


By:   /s/ Calon Russell
      CALON RUSSELL, OR Bar No. 094910
      crussell@sheppardmullin.com
      Four Embarcadero Center, 17th Floor
      San Francisco, CA 94111
      Telephone:  415.774.3159
      Facsimile:  415.434.3947

      *Attorneys for Defendants*
      COMPASS WASHINGTON, LLC,
      COMPASS, INC.

SMRH:4910-8499-1832

**CERTIFICATE OF SERVICE**

I, Calon Russell, hereby certify that on this 11th day of August, 2025, a copy of the foregoing **DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT** was served via the ECF system, on all counsel of record.

/s/ Calon Russell
Calon Russell

SMRH:4910-8499-1832