Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **JESSICA MURCH,** individually and on behalf of all others similarly situated, *Plaintiff*, v. **Compass Washington, LLC** and **Compass, Inc.** *Defendants.* | Case No. 3:25-cv-1039 JOINT DISCOVERY PLAN TCPA (47 U.S.C. § 227) DEMAND FOR JURY TRIAL |

**JOINT DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P 26(f), the parties hereby submit their joint discovery plan and proposed deadlines for the Court's review and consideration:

**(A)   What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties agree that there should be no changes made in the timing, form, or requirement for disclosures under Rule 26(a). The deadline for the parties to exchange Initial Disclosures is October 15, 2025.

1 - JOINT DISCOVERY PLAN

**(B)  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

<u>**Plaintiff:**</u>

The Plaintiff anticipates that discovery will be needed on the requisites of FED. R. CIV. P. 23 to support her anticipated motion for class certification as well as on the merits of Plaintiff's claim to prepare for trial, or to oppose any summary judgment motion the Defendants may file. Plaintiff intends to seek discovery from Defendant or any identified third parties pertaining to (1) ESI regarding the alleged calls at issue in this case and any purported leads related thereto, including as to all its agents; (2) email and other communications related to telemarketing calls and any relationship with a vendor or agent that may have made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) complaints and internal Do Not Call requests received by Defendant and its vendors and agents and its responses thereto as the Plaintiff is seeking to certify the following classes:

> **<u>National DNC Class</u>:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendants, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **<u>Internal DNC Class</u>:** All persons within the United States to whom: (1) Defendants (or a third-party acting on behalf of Defendants) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) who were not current customers of the Defendants at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

Plaintiff contends that discovery does not need to be completed in phases or be limited to or focused on particular issues. However, the Plaintiff has agreed to limit the initial sets of discovery propounded in this matter, including third party discovery and subpoenas, to the specific Compass

2 - JOINT DISCOVERY PLAN

agencies that placed the calls at issue with respect to the Plaintiff.

**Defendant:**

Defendant intends to serve written discovery concerning the following topics: whether Plaintiff owns the home that was the topic of the subject telephone calls; whether Plaintiff provided prior express invitation or consent to receive the subject telephone calls; whether Plaintiff had an established business relationship with Defendant; whether Plaintiff's telephone number was registered to the National Do Not Call Registry for at least thirty days before receipt of the subject calls; whether Plaintiff or members of the putative class use their cell phone for work; whether Plaintiff is an adequate class representative; any prior lawsuits or threatened lawsuits under the TCPA to which Plaintiff has been a party. Defendant intends to notice the deposition of Plaintiff concerning these topics, as well as any expert witness(es) that may be designated by Plaintiff and any witnesses or third parties whose knowledge concerns the allegations in the Complaint and whose identities are presently unknown to Defendant, but which might be revealed through continuing discovery.

Defendant believes that it would be most efficient for discovery to be conducted in two phases: (1) discovery necessary for Plaintiff to file a motion for class certification, which would encompass some discovery into the merits of the dispute, and for Defendant to oppose the motion (including a potential motion to strike class allegations); and (2) discovery as to the merits of the underlying claims and corresponding damages, if any. While Defendant understands there may be some crossover between merits and certification issues, Phasing discovery will allow the parties to first conduct focused discovery on the Federal Rule of Civil Procedure 23's prerequisites for class actions. Additionally, limiting initial discovery to certification issues will enable the parties to make a reasonable settlement evaluation.

3 - JOINT DISCOVERY PLAN

**(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues regarding preservation of electronically stored information. When discovery does proceed, the parties intend to negotiate an ESI protocol governing discovery.

**(D) What changes should be made in the limitations on discovery imposed under the Fed. R. Civ. Pro. or by local rule, and what other limitations should be imposed.**

The parties agree there should be no changes or deviations from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery. The parties do, however, reserve the right to seek leave of Court to exceed these discovery limitations, if necessary.

**(E) Proposed scheduling deadlines:**

Plaintiff's Proposal: Plaintiff proposes the following discovery.

1. Amend Pleadings and Add Parties: December 22, 2025;
2. Initial Expert Disclosure Deadline: August 17, 2026;
3. Rebuttal Expert Deadline: September 21, 2026;
4. Discovery Cutoff: November 16, 2026
5. Dispositive Motions/Class Certification: December 21, 2026

Defendant's Proposal: Defendant submits that a schedule should be submitted for purposes of Plaintiff's motion for class certification, and that a further schedule be set, following the Court's decision on the certification issue, for any remaining discovery, expert discovery, or trial plan.

This will allow the parties to focus on discovery germane to class certification issues first, which will result in cost-savings and efficiencies. Then, if further discovery is needed after a certification decision is needed, there can be a short period to complete that. As for experts, the same pattern would be followed: To the extent experts are used at class certification, there would be deadlines in advance of that motion for experts to be disclosed, and then a further expert schedule after a certification decision is made. Accordingly, Defendant submits the following proposed schedule, which tracks the above schedule, but allows for further discovery after a class certification decision is issued:

    1.    Deadline to Amend Pleadings/Add Parties: December 22, 2025

    2.    Initial Expert Disclosure Deadline for purposes of Class Certification: August 17, 2026.

    3.    Rebuttal Expert Deadline for purposes of Class Certification: September 21, 2026;

    4.    Deadline to File Motion for Class Certification: December 21, 2026

    5.    Parties to submit a revised proposed scheduling order for remainder of case, including further discovery and expert discovery deadlines, deadlines for dispositive motions, and pre-trial and trial deadlines: 21 Days after Decision on Class Certification:

**(F)  Electronic service:**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the

intended recipient of the message and serve the pleading or other papers by other authorized means.

**(G) Magistrate Judge:**

The parties do not consent to a Magistrate Judge and will submit a timely declination.

**(H) ADR Options:**

The parties will file a Joint Alternative Dispute Resolution Report if ordered by the Court, and prefer to participate in a private mediation.

RESPECTFULLY SUBMITTED AND DATED this 1st day of October, 2025.

*s/Andrew Roman Perrong*
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date.

Dated: October 1, 2025

s/Andrew Roman Perrong
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class