Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION**

| | |
|---|---|
| **JESSICA MURCH,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**Compass Washington, LLC,**<br>**Compass, Inc.,**<br>**Rachel Olson, and**<br>**Ansel Sanger**<br><br>*Defendants*. | Case No.<br><br>3:25-cv-1039<br><br>MOTION AND BRIEF IN SUPPORT OF MOTION TO AMEND COMPLAINT<br>TCPA (47 U.S.C. § 227)<br>DEMAND FOR JURY TRIAL |

### LR 7-1 CERTIFICATION

In compliance with Local Rule 7-1(a)(1)(A), counsel for Plaintiff certifies that they have made a good faith effort to schedule a personal or telephone conference with Defendants' counsel, albeit on December 22, 2025. Plaintiff's counsel received no response and was unable to ascertain Defendants' position.

**MOTION**

Discovery in this matter has revealed a basis for additional class action claims, including against two individual Defendants identified in the Plaintiff's original complaint, Rachel Olson, an Ansel Sanger, who are real estate agents of the current Compass Defendants. December 22, 2025 is the deadline the Court has set for motions to seek leave to file Amended Complaints in this matter. As a result, the Plaintiff seeks leave of court to amend her class action complaint to add as Defendants Rachel Olson, an Ansel Sanger, as well as a Caller ID claim, in accordance with the attached proposed Amended Complaint, because justice requires the amendment. In accordance with Rule 15(a)(2)'s mandate, and in the spirit of FED. R. CIV. P. 1, this Court should "freely" grant leave to amend because it will secure the just, speedy, and inexpensive determination of this class action dispute.

**BRIEF IN SUPPORT OF MOTION TO AMEND COMPLAINT**

As this Court is aware, this case is a putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Plaintiff has taken some initial discovery in this matter. As a result, the Plaintiff now moves to amend the Complaint in the form attached herein as Exhibit 1. A redline of the proposed amendment is attached herein as Exhibit 2.

In sum, this motion is made pursuant to FED. R. CIV. P. 15(a)(2) and is in the interest of judicial economy as Plaintiff is simply seeking to add additional defendants which are liable for the misconduct alleged in the original Complaint. What's more, judicial economy would actually be further served here because the Plaintiff and the putative class are better served proceeding in this matter rather than needing to initiate a new action to seek to assert identical claims against the Defendants for their conduct in the TCPA violations alleged herein. Whether justice requires

an amendment is a question left to the trial court's sound discretion and is reviewed on an abuse of discretion standard. Reasons for denying a plaintiff's request for leave to amend a complaint include prejudice to the nonmoving party, undue delay, bad faith or dilatory motive, and futility. *Foman v. Davis,* 371 U.S. 178, 182 (1962). None of these factors are present here.

First, as explained above, there is no additional prejudice to the nonmoving party because the proposed amendment will simply add other entities who are also liable for the conduct alleged in the Complaint. Second, the amendment is not done for undue delay, bad faith, or a dilatory motive. Discovery is still ongoing at the time of this filing, the filing is within the time the Court has set for amendment, and there is no imminent adjudication of claims at summary judgment or class certification. Finally, there is no futility. In sum, when evaluating the futility of an amendment, this Court is guided by the 12(b)(6) standard and must evaluate if the Plaintiff has stated a claim upon which relief could be granted. Here, amendment would not be futile because the Plaintiff has plainly set forth a claim for which relief could be granted under the TCPA's direct liability and vicarious liability frameworks and is simply adding an additional claim based on facts already alleged and parties already partially identified.

The Plaintiff has demonstrated that justice requires granting leave to amend not only because the factors for amendment are satisfied here but also because the purpose of the amendment is to add parties who directly placed the illegal calls to Plaintiff. Accordingly, this Court should grant leave to amend. Plaintiff has attempted to confer with counsel for the Defendant, who did not timely provide a position on the requested relief.

RESPECTFULLY SUBMITTED AND DATED this 22nd day of December, 2025.

                                              s/Andrew Roman Perrong
                                              Andrew Roman Perrong, OSB No. 243320
                                              a@perronglaw.com
                                              Perrong Law LLC

2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

# CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on December 22, 2025, which will automatically send a copy to all attorneys of record on the case.

s/Andrew Roman Perrong
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class