SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
CALON RUSSELL, OR Bar No. 094910
crussell@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:  415.774.3159
Facsimile:  415.434.3947

JAY T. RAMSEY, *admitted pro hac vice*
jramsey@sheppardmullin.com
1901 Avenue of the Stars
Suite 1600
Los Angeles, California 90067
Telephone:    310.228.3700
Facsimile:    310.228.3701

*Attorneys for Defendants*
COMPASS WASHINGTON, LLC;
COMPASS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

[PORTLAND DIVISION]

| | |
|---|---|
| JESSICA MURCH, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>    v.<br><br>COMPASS WASHINGTON, LLC and COMPASS, INC.,<br><br>                              Defendants. | Case No. 3:25-cv-01039-SB<br><br>*Hon. Stacie F. Beckerman*<br><br>**DEFENDANTS COMPASS WASHINGTON, LLC AND COMPASS, INC.'S RESPONSE TO MOTION TO AMEND COMPLAINT** |

-1-

On June 17, 2025, Plaintiff Jessica Murch ("Plaintiff") filed a complaint against Defendants Compass Washington, LLC and Compass, Inc. (collectively, "Compass"). Pursuant to the Scheduling Order entered on October 21, 2025, the Court set the deadline to seek leave to amend the Complaint for December 22, 2025 (ECF No. 17). On the day of the deadline, in the middle of a holiday week, and in contravention of Local Rule 7-1's requirement that a moving party make "a good faith effort" to meet and confer prior to filing any motion, Plaintiff sent an email to Compass at 1:50 PM informing Compass, for the first time, of Plaintiff's intent to move for leave to amend the Complaint. That same day, before Compass had even had a chance to respond, Plaintiff filed the instant Motion to Amend—attaching to it the proposed Amended Complaint. While it is Compass's belief that this eleventh-hour attempt to amend the Complaint is improper, Compass is cognizant of the fact that the standard for amendment is low and that Federal Rule of Civil Procedure 15 counsels that district courts should "freely" give leave when justice so requires. Fed. R. Civ. P. 15(a)(2).

If an amendment is permitted, Compass will be moving to dismiss and, in the alternative, moving to strike. The additional allegations in the proposed Amended Complaint give rise to several pleading issues.

*First*, Plaintiff now pleads that Compass is vicariously liable for the alleged acts of two real estate agents. However, Plaintiff's own First Amended Complaint expressly acknowledges that these real estate agents are independent contractors, subject to the express terms of the Independent Contractor Agreement between them and Compass that "creates an independent contractor relationship for all purposes . . . and does not create an employer-employee, joint venture, or partnership relationship" (*see* FAC ¶ 60). This admission is fatal to Plaintiff's new allegations. Though a principal may be vicariously liable for the acts of its employees or agents committed within the scope of their employment, "[i]t is the general rule that an employer or primary contractor is not liable for the torts of an independent contractor." *Fegles Const. Co. v. McLaughlin Const. Co.*, 205 F.2d 637, 640 (9th Cir. 1953); *accord M.J. ex rel. Beebe v. United States*, 721 F.3d 1079, 1085 (9th Cir. 2013) ("That general rule, which shields an employer from

liability for the conduct of its independent contractors, cuts off the employer's *vicarious* liability for the contractor's torts.").

Plaintiff's cherry-picked language from the Independent Contractor Agreement and National and Washington Agent Manuals (also incorporated by reference in the proposed Amended Complaint) purporting to show that the real estate agents acted with actual or apparent authority does nothing to change this conclusion. If anything, those documents support Compass's lack of liability. In fact, courts have found the very same language cited by Plaintiff in those agreements to demonstrate that companies in Compass's shoes are not liable. For example, the proposed Amended Complaint alleges that the real estate agents acted with "actual authority" because Compass "retained the right to direct and control the manner and means" of the real estate agents' marketing and solicitation by, among other things, "requir[ing] agents to 'comply fully with all applicable laws and rules' in its agent manuals" (FAC ¶¶ 60, 64). However, the Ninth Circuit has expressly held that an independent contractor who violates the TCPA acts ***without*** actual authority where their contract "expressly prohibit[s] 'any act or omission that violates applicable state or Federal law." *Jones v. Royal Admin. Servs., Inc.*, 866 F.3d 1100 (9th Cir. 2017). Plaintiff's allegations regarding apparent authority and ratification are subject to the same line of attack. Far from stating a cause of action against Compass for violation of the TCPA, the allegations in the proposed Amended Complaint—and the documents incorporated by reference therein—effectively plead Plaintiff ***out*** of any theory of vicarious liability against Compass.

*Second*, while the Amended Complaint purports to add a cause of action for violation of the TCPA's caller ID regulations, courts in this Circuit and elsewhere have overwhelmingly found that 47 C.F.R. § 64.1601(e) does not confer a private right of action to pursue claims under that section. *See Meyer v. Cap. All. Grp.*, No. 15-CV-2405-WVG, 2017 WL 5138316, at *17 (S.D. Cal. Nov. 6, 2017); *see also Dobronski v. Fam. First Life, LLC*, No. 22-cv12039, 2024 WL 575858, at *18–19 (E.D. Mich. Jan. 19, 2024)*, report and recommendation adopted in part, rejected in part*, No. 22-cv-12039, 2024 WL 1342668 (E.D. Mich. Mar. 29, 2024); *Dobronski v. Tobias & Assocs.*, No. 23-cv-10331, 2023 WL 7005844, at *7–8 (E.D. Mich. Sept. 25, 2023)*, report and*

*recommendation adopted in part sub nom. Dobronski v. Tobias & Assocs., Inc.*, No. 23-10331, 2024 WL 1174553 (E.D. Mich. Mar. 18, 2024); *Dobronski v. Total Ins. Brokers, LLC*, No. 21-10035, 2021 WL 4452218, at *2–3 (E.D. Mich. Sept. 29, 2021)*; Dobronski v. SunPath Ltd.*, No. 19-13094, 2020 WL 8840311, at *6–7 (E.D. Mich. July 27, 2020))*; Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 789–90 (E.D. Mich. 2020). And while Plaintiff cites in the proposed Amended Complaint to *Dobronski v. Selectquote Ins. Servs.*, 773 F. Supp. 3d 373 (E.D. Mich. 2025)—which found that § 64.1601(e) does confer a private right of action—even the *Selectquote* court acknowledged that, "[a]part from one state court opinion, every case presented by the parties has concluded that § 64.1601(e) lacks a private right of action" and that its finding was contrary to "[t]he [m]ajority [a]pproach" *Id.* at 377.

In addition to moving to dismiss the Amended Complaint for failure to state a claim, Compass also intends to move to strike the class definitions contained therein. Despite adding both real estate agents, Rachel Olson and Ansel Sanger, as individual defendants—and basing its purported causes of action for violation of the TCPA against Compass ***solely*** on calls placed by ***those two real estate agents***, and its allegations of ratification based ***solely*** on Compass's failure to reprimand ***those two real estate agents***—the proposed Amended Complaint seeks to bring its first cause of action on behalf of an "Internal DNC Class" and its second cause of action on behalf of a "Telemarketing Caller ID Class," both defined to include all persons within the United States to whom ***any*** "third-party acting on behalf of Defendants" sent two or more telemarketing calls or text messages. At most, the class definitions should include calls placed only by Rachel Olson and Ansel Sanger—and only those calls placed after Compass supposedly learned of the conduct and failed to reprimand.

In light of the above, to the extent the Court grants the motion for leave to amend, Compass respectfully requests that the Court set Compass's deadline to file a motion to dismiss and/or motion to strike four weeks from the Court's granting of the motion for leave to amend.

Dated: January 5, 2026

        **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

        By:   */s/ Jay T. Ramsey*
            CALON RUSSELL, OR Bar No. 094910
            crussell@sheppardmullin.com
            Four Embarcadero Center, 17th Floor
            San Francisco, CA 94111
            Telephone: 415.774.3159
            Facsimile: 415.434.3947

            JAY T. RAMSEY, *admitted pro hac vice*
            jramsey@sheppardmullin.com
            1901 Avenue of the Stars
            Suite 1600
            Los Angeles, California 90067
            Telephone:    310.228.3700
            Facsimile:    310.228.3701

            *Attorneys for Defendants*
            COMPASS WASHINGTON, LLC;
            COMPASS, INC.

## CERTIFICATE OF SERVICE

I, Jay T. Ramsey, hereby certify that on this 5th day of January, 2026, I filed the foregoing **DEFENDANTS COMPASS WASHINGTON LLC AND COMPASS, INC.'S RESPONSE TO MOTION TO AMEND COMPLAINT** with the CM/ECF e-filing system, which will automatically send email notification of such filing to attorneys of record.

                                             */s/ Jay T. Ramsey*
                                             Jay T. Ramsey