Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **JESSICA MURCH,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**Compass Washington, LLC,**<br>**Compass, Inc.,**<br>**Rachel Olson, and**<br>**Ansel Sanger**<br><br>*Defendants*. | Case No.<br><br>3:25-cv-1039<br><br>REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT<br>TCPA (47 U.S.C. § 227)<br>DEMAND FOR JURY TRIAL |

## **REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT**

As Defendants are forced to admit, this Court must "freely" give leave to amend the complaint. Despite labeling the Plaintiff's "eleventh-hour attempt to amend the Complaint," within the explicit confines of the Court's deadline for doing so, as "improper," Defendants do not even explicitly say they oppose the Plaintiff's amendment, despite labeling its pleading as an "opposition." To be sure, the holidays were doubtlessly busy for Plaintiff's counsel, and Plaintiff apologies to both opposing counsel and the Court for the relative lateness of the Rule 7-1 meet and confer attempt, but as will be explained herein, seeking leave to amend the complaint, in time and line with the Court's deadline for doing so, is hardly a matter on which extensive meet and confer correspondences would have been required in any event, thus satisfying the "good

faith" effort requirement. Regardless, the point seems to be moot because Defendants don't even oppose the amendment or request it as relief (which extension Defendants themselves did not seek to ascertain Plaintiff's position on). Indeed, Defendants simply state that they will move to dismiss and/or strike the Amended Complaint, and ask the Court "set Compass's deadline to file a motion to dismiss and/or motion to strike four weeks from the Court's granting of the motion for leave to amend," relief to which the Plaintiff is not opposed.

Although the Compass Defendants challenge amendment and state they will seek dismissal on vicarious liability and Caller ID grounds, as well as seeking to strike the class definitions, Defendants do not acknowledge that an amendment motion is not the proper vehicle for doing so. Defendants' non-opposition "opposition" asks the Court to do something Rule 15 does not require: deny leave now based on an assumed outcome on a separate, fully briefed motion to dismiss. The proposed amendment is narrow. It adds another statutory claim arising out of the same calling campaign already at issue and adds in the parties that physically placed the calls at issue. That is exactly the sort of amendment Rule 15 is meant to allow, early in the case, within the time frame set forth by the Court, and without prejudice to Defendants.

To the extent that Defendants contend that amendment would be futile, at least, on implication, given that they use neither that word nor the appropriate standard, leave to amend may be denied for reasons of "futility" *only* where an amendment is clearly incapable of surviving Rule 12 scrutiny. *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). Purported "futility" does not invite courts to prejudge contested merits questions embedded in a separate motion, nor do they support denying leave where the amendment promotes efficient resolution of related claims in a single action, particularly when Defendants did not even move to dismiss during their first round of pleading. *See id.* ("A sound theory of pleading should normally permit

Reply Mot. Leave File Am. Compl.

2

at least one amendment of a complex . . . complaint that has failed to state a claim where, . . . the Plaintiffs might be expected to have less than complete information about the defendants' organization and . . . responsibilities, where there is no meaningful evidence of bad faith on the part of the plaintiffs, and where there is no significant prejudice to the defendants.").

Most importantly, denying leave here would force an inefficient, duplicative alternative. If Plaintiff is not permitted to amend, despite the identical nucleus of operative facts, Plaintiff's only realistic option is to simply dismiss the instant lawsuit and re-file the same one she seeks to file here as an amendment, then start all over again re-serving the existing Defendants, re-engaging in pretrial scheduling, and re-serving discovery. That is the opposite of judicial economy. Granting leave allows the parties and the Court to resolve closely related claims and defenses arising from the same conduct in one forum, on one schedule, precisely what Rule 15's liberal amendment policy is designed to facilitate.

For the foregoing reasons, Plaintiff's motion for leave to amend should be granted. Plaintiff is not opposed to Defendants' requested relief within which to file their motion to dismiss.

RESPECTFULLY SUBMITTED AND DATED this 20th day of January, 2026.

        s/Andrew Roman Perrong
        Andrew Roman Perrong, OSB No. 243320
        a@perronglaw.com
        Perrong Law LLC
        2657 Mount Carmel Avenue
        Glenside, PA 19038
        215-225-5529
        Lead Attorney for Plaintiff and the Proposed Class

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on January 20, 2026, which will automatically send a copy to all attorneys of record on the case.

                                           s/Andrew Roman Perrong
                                           Andrew Roman Perrong, OSB No. 243320
                                           a@perronglaw.com
                                           Perrong Law LLC
                                           2657 Mount Carmel Avenue
                                           Glenside, PA 19038
                                           215-225-5529
                                           Lead Attorney for Plaintiff and the Proposed Class