Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:    (503) 323-9000
Facsimile:    (503) 323-9019

Ryan D. Watstein (*Pro Hac Vice* forthcoming)
ryan@wtlaw.com
Patrick J. Fitzgerald (*Pro Hac Vice* forthcoming)
pfitzgerald@wtlaw.com
WATSTEIN TEREPKA LLP
75 14th St. NE, Ste. 2600
Atlanta, GA 30309

    Attorneys for Defendant Ansel Sanger

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JESSICA MURCH, individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>COMPASS WASHINGTON, LLC, COMPASS, INC., RACHEL OLSON, and ANSEL SANGER,<br><br>    Defendants. | Case No. 3:25-cv-01039-SB<br><br><br>**DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendant Ansel Sanger ("Defendant") hereby submits its Answer and Affirmative

Defenses to Plaintiff Jessica Murch ("Plaintiff")'s First Amended Class Action Complaint.

Without waiving any other defenses, Defendant responds to the numbered allegations outlined in

Page 1 -  **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

the Amended Complaint by denying each and every such allegation not specifically admitted, modified, or explained herein:

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id*. §2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id*. § 2(9).

**ANSWER:** Defendant admits that Plaintiff purports to bring this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant denies all remaining allegations in this paragraph and denies that Plaintiff or the putative class members are entitled to any relief whatsoever against Defendant.

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id*.; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision

Page 2 -    **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER:** Defendant admits that Plaintiff purports to bring this action under the TCPA and cites authorities related to the same, which speak for themselves. Defendant denies all remaining allegations in this paragraph.

3.      The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Compass violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action under the TCPA. Defendant denies all remaining allegations in this paragraph.

**PARTIES**

4.      Plaintiff Jessica Murch is an individual residing in Clackamas County.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

5.      Defendant Compass, Inc. is a Delaware corporation with its headquarters and principal place of business in New York.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

6.      Defendant Compass Washington, LLC is a Delaware corporation with its headquarters and principal place of business in Washington.

Page 3 -   **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

7.      Defendant Rachel Olson is an individual agent of Compass who resides in Kirkland, Washington, and who dialed and spoke to the Plaintiff on multiple of the illegal calls at issue, including to Plaintiff's 503- area code number.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

8.      Defendant Ansel Sanger is an individual agent of Compass who resides in Seattle, Washington, and who dialed and spoke to the Plaintiff on multiple of the illegal calls at issue, including to Plaintiff's 503- area code number.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits he resides in Seattle, Washington. Defendant denies the remaining allegations.

## JURISDICTION AND VENUE

9.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to bring his claim under the TCPA, over which federal courts generally have jurisdiction. Except as expressly admitted, Defendant denies the allegations in this paragraph. Defendant reserves the right to challenge subject matter jurisdiction, including to the extent Plaintiff lacks Article III standing.

10.     This Court has specific personal jurisdiction over Defendants because they directed their illegal conduct to Oregon residents, including Oregon residents with 503- area codes, like Plaintiff.

Page 4 -   **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the conduct alleged herein–the receipt of illegal telemarketing calls–was received in this District.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## BACKGROUND

**A.     The TCPA Prohibits Calls to Number on the National Do Not Call Registry.**

12.     The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to cite authority regarding the TCPA, which speaks for itself. Defendant denies all remaining allegations in this paragraph.

13.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to cite authority regarding the TCPA, which speaks for itself. Defendant denies all remaining allegations in this paragraph.

Page 5 -   **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

14.    A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote authority regarding the TCPA, which speaks for itself. Defendant denies all remaining allegations in this paragraph.

15.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to cite and quote authority regarding the TCPA, which speaks for itself. Defendant denies all remaining allegations in this paragraph.

**B.    The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.**

16.    The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote authority regarding the TCPA, which speaks for itself. Defendant denies all remaining allegations in this paragraph.

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

17.    The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote authority regarding the TCPA, which speaks for itself. Defendant denies all remaining allegations in this paragraph.

18.    A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote authority regarding the TCPA, which speaks for itself. Defendant denies all remaining allegations in this paragraph.

## FACTUAL ALLEGATIONS

19.    The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

20.    At no point did the Plaintiff consent to receiving telemarketing calls from the Defendants prior to receiving the calls at issue.

**ANSWER:** Denied.

21.    Plaintiff's telephone number, (503) XXX-XXXX, is a residential, non-commercial telephone number.

Page 7 -    **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

22.     Ms. Murch uses the number for personal, residential, and household reasons.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

23.     Ms. Murch does not use the number for business reasons or business use.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

24.     The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

25.     Plaintiff's telephone number has been listed on the National Do Not Call Registry more than 31 days prior to the calls at issue.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

26.     Plaintiff has never been a customer of Compass and never consented to receive calls or text messages from Compass.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

27.     Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that

Page 8 -  **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Plaintiff purports to cite *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016), which speaks for itself and did not hold that text messages are calls. Defendant denies all remaining allegations in this paragraph.

28.     Despite that fact, on August 14, 2024, the Plaintiff received at least four calls from Rachel Olson personally, from the telephone number 206-794-1045. Ms. Olson stated that she was a Realtor, asked the Plaintiff if she was looking to sell her house, and further stated that she could help the Plaintiff relocate.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

29.     Plaintiff instructed Ms. Olson not to call her, but rather to email the pertinent information for her to review if she was interested.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

30.     Thereafter, Ms. Olson personally sent the Plaintiff at least five text messages offering to list the Plaintiff's home, and to relocate. The Plaintiff ultimately responded to those messages on August 29, 2024 stating, "Compass, do not call us or e-mail again, I am sorry."

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

31.     Upon information and belief, Ms. Olson is a broker with Defendant Compass Washington, LLC, the subsidiary company of Compass, Inc., the national real estate firm.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

32.     In so doing, the Plaintiff made a company-specific do not call request.

Page 9 -   **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

33.    Despite making a company-specific do not call request, on September 11, the Plaintiff received yet another call from "Leah," calling from the number 425-464-7241, who stated that she was with "Compass Realty" and was calling about listing the same property that Ms. Olson had indicated she was interested in listing for Plaintiff. The Plaintiff stated that she thought that she was pretty clear that she no longer wanted to receive calls from Compass and didn't want to talk to Compass, and reiterated her internal do not call request.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

34.    The Plaintiff continued to receive calls, including on May 13, 2025 from an individual named "Anella" with Compass from the phone number 425-296-9832 and was calling about listing the same property for sale that Ms. Olson had indicated she was interested in listing for Plaintiff. The Plaintiff hung up because she had trouble hearing "Anella."

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

35.    The Plaintiff received two final calls on June 5, 2025 from Ansel Sanger personally, who stated that he was with Compass Real Estate and was looking to help the Plaintiff sell the same house that Ms. Olson had indicated she was interested in listing for Plaintiff. These calls came from 206-390-2137, and the Plaintiff had indicated that she spoke with Ms. Olson previously and had likewise made a company-specific do not call request and inquired as to why she continued to receive calls.

**ANSWER:** Denied.

36.    Thereafter, Mr. Sanger apologized.

Page 10 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

**ANSWER:** Denied.

37.    Upon information and belief, Mr. Sanger is also a broker with Defendant Compass Washington, LLC, the subsidiary company of Compass, Inc., the national real estate firm.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that he entered into a contract with Compass Washington, LLC, which speaks for itself. Defendant denies the remaining allegations.

38.    The text messages and call were plainly sought to encourage the Plaintiff to list a house for sale with the Defendants' real estate agents.

**ANSWER:** Denied.

39.    Plaintiff does not own the subject property, and did not request the Defendants' services.

**ANSWER:** Defendant lacks knowledge as to whether Plaintiff owns the property. Defendant denies that Plaintiff did not invite any calls. Defendant denies any remaining allegations.

40.    The aforementioned calls and text messages were all made seeking to solicit the Plaintiff to use the Defendants' real estate agents in the sale of a home, as well as ancillary real estate services.

**ANSWER:** Denied.

41.    The Compass Defendants operate a real estate brokerage that sell houses through individual or group brokers and agents, including those like Defendants Olson and Sanger.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

42. The Compass Defendants provide control over Defendants Olson and Sanger to market homes using the Compass brand.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

43. The text messages all came from the following numbers. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of those dips are as follows:

| Number | CNAM Available? | CNAM Result | Carrier |
|---|---|---|---|
| 5033799719 | Y | OLSON,RACHEL | TWILIO |
| 4254647241 | Y | FALL CITY WA | ONVOY |
| 4252969832 | Y | KIRKLAND WA | LEVEL 3 |
| 2063902137 | Y | ANGER ANSEL | AT&T |

**ANSWER:** Denied.

44. As the aforementioned chart shows, the CNAM transmitted by the Defendants' ultimate telephone carriers, Twilio, sometimes provided accurate CNAM functionality, but for other numbers, the CNAM functionality transmitted a geographic location, and not the Defendants' name or telemarketer's name.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

45. Both Onvoy and Level 3, like AT&T and Twilio, provide their customers and any resellers the ability to set the CNAM result accurately to reflect their own name as desired, but if

Page 12 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

the customer does not elect such a CNAM, their default CNAM customer setting is to transmit the geographic location of the telephone exchange for the calling telephone number, and not the caller's name, as occurred here.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

46.     It is not possible to call any of these numbers back, to lodge a Do Not Call request during regular business hours, because Plaintiff did so and her request was not honored.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

47.     As such, the caller ID information transmitted along with the calls did not transmit a telephone number that permits "any individual to make a do-not-call request during regular business hours."

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

48.     Plaintiff did not recognize Compass, is (and was) not selling any home, and was not looking to sell her home. In fact, the Plaintiff does not own a home.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

49.     Moreover, Plaintiff does not own the home referenced in the calls and never did.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

50.     Defendants' websites, https://www.compass.com/, https://www.compass.com/agents/rachel-olson1/, and https://www.compass.com/agents/ansel-sanger/, explain that Mr. Sanger and Ms. Olson are the Defendants' real estate agents that can help people buy and sell houses.

Page 13 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

**ANSWER:** Defendant admits that Plaintiff references a website, which speaks for itself. Defendant denies the remaining allegations.

51. The aforementioned website also advertises numerous services typically offered by real estate agents, as well as homes for sale.

**ANSWER:** Defendant admits that Plaintiff references a website, which speaks for itself. Defendant denies the remaining allegations.

52. Defendants sell their services through their licensed real estate agents by telephone and text messages and are compensated for their services as all other real estate agents: after providing services to facilitate the transaction, receiving a commission based on the sales price.

**ANSWER:** Denied.

53. The Compass Defendants ratified Olson and Sanger's conduct by accepting the lead and referrals generated as a result of Olson and Sanger's illegal telemarketing conduct for some of the calls at issue, and by continuing to market to Plaintiff, despite a company specific internal Do Not Call Request.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

54. For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act,* 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote an FCC ruling, which speaks for itself. Defendant denies all remaining allegations in this paragraph.

Page 14 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

55.     In 2008, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations.

**ANSWER:** Defendant admits that Plaintiff purports to reference an unidentified FCC holding, which speaks for itself. Defendant denies all remaining allegations in this paragraph.

56.     The FCC has instructed that sellers such as Compass may not avoid liability by outsourcing its brokerage services and telemarketing to third parties, such as Olson and Sanger:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment, limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "sellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013) (cleaned up).

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote an FCC ruling, which speaks for itself. Defendant denies all remaining allegations in this paragraph.

57.     In 2013, the FCC held that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Id*. at 6574 ¶ 1.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote an FCC ruling, which speaks for itself. Defendant denies all remaining allegations in this paragraph.

Page 15 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

58.     Compass is liable for any telemarketing calls placed by Olson and Sanger and using Compass's name to generate customers for Compass, including the Plaintiff.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

59.     Compass hired, encouraged, permitted, and enjoyed the benefits of telemarketing by agents such as Rachel Olson and Ansel Sanger.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

60.     The contracts between Olson, Sanger, and Compass, contain multiple indicia of actual authority because Compass retained the right to direct and control the manner and means of Olson's and Sanger's marketing and solicitation. Specifically, the Independent Contractor Agreements executed by Compass state that agents perform services "on behalf of Broker" and provide real estate brokerage services "for Broker." Compass provided substantial financial incentives to agents, including commission splits, Cash Affiliation Incentives, Marketing Budgets totaling thousands of dollars, and equity awards in Compass stock. Compass required that all marketing materials utilize "Broker-branded signs, business cards, logos" and that any marketing expenses be "subject to approval and reimbursement in Broker's sole and reasonable discretion."

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff references "Independent Contractor Agreements," which speak for themselves. Defendant denies all remaining allegations in this paragraph.

Page 16 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

61.    Indeed, Compass also provided a launch marketing budget to pay for marketing and advertising.

**ANSWER:** Defendant admits that Plaintiff appears to reference terms in the Independent Contractor Agreement, which speaks for itself. Defendant denies all remaining allegations in this paragraph.

62.    However, Compass only allowed those marketing budgets to be used "in accordance with Broker's policies and procedures," and any agent-incurred marketing expenses were "subject to approval and reimbursement in Broker's sole and reasonable discretion."

**ANSWER:** Defendant admits that Plaintiff reference terms in the Independent Contractor Agreement, which speaks for itself. Defendant denies all remaining allegations in this paragraph.

63.    Compass likewise mandated that all advertisements comply with all Compass marketing and branding policies and guidelines.

**ANSWER:** Denied.

64.    Compass also expressly regulated "digital and electronic marketing or solicitation (including, but not limited to, email and telephone)" and required agents to "comply fully with all applicable laws and rules" in its agent manuals.

**ANSWER:** Defendant admits the allegation contains uncited quotations. Defendant lacks knowledge or information sufficient to form a belief about the truth or source of those quotations and therefore denies them.

65.    The calls at issue identified Compass as the organization on whose behalf Olson and Sanger acted.

**ANSWER:** Denied.

66.    Accordingly, Olson and Sanger had actual and/or apparent authority to act on behalf of Compass. Compass acted as principal to Olson and Sanger, who acted as Compass's agents.

Page 17 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

67.    The Compass Defendants also clothed Olson and Sanger with apparent authority by prescribing public-facing titles and requiring Compass-branded identification in marketing, going so far as to require that Compass be clearly and conspicuously identified in all advertising.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

68.    These Compass-authored directives invite and are designed to ensure that consumers understand Olson's and Sanger's advertising as coming from "Compass," i.e., from agents acting with Compass' authorization and branding.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

69.    Indeed, Olson and Sanger are prominently featured on Compass' website as Compass' agents.

**ANSWER:** Defendant admits that he appears www.compass.com. Defendant denies the remaining allegations.

70.    Compass ratified Olson's and Sanger's conduct by learning of the calls to Plaintiff, investigating the circumstances, and taking no corrective action. In discovery responses, Compass admitted that "Prior to the filing of the Complaint, Rachel Olson and Ansel Sanger have not been reprimanded, disciplined, or otherwise warned concerning their outbound calling or texting practices."

Page 18 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

71.     Compass further warns that an agent who unlawfully solicits risks being disassociated from Compass or subject to any other disciplinary action to be determined in Compass's sole discretion, but Compass did nothing.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

72.     The Compass Defendants' financial and branding structure further supports ratification. Compass reserves the right to "recoup" advertising, marketing or other expenses, spent by Compass on behalf of the Agent.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

73.     Rather than disavowing the calls as unauthorized, Compass defended them.

**ANSWER:** Denied.

74.     By learning of the calls, taking no disciplinary action, and affirmatively justifying the conduct while continuing to receive commissions and fees from transactions procured through such calling activities, Compass ratified Olson's and Sanger's TCPA violations.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

75.     Olson and Sanger are directly liable for the unlawful calls at issue as they, or other employees subject to their control, directly placed the underlying calls.

Page 19 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

**ANSWER:** Denied.

76.    Compass controlled the day-to-day activities of Olson and Sanger by allowing them to work up real estate deals using the Compass brand name.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

77.    Compass also could have prohibited Olson and Sanger from generating leads based on calls placed to numbers on the Do Not Call Registry, let alone using illegal caller ID information and to individuals who requested no dealings with Compass.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

78.    It did not.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

79.    Finally, Compass could have terminated Olson and Sanger once it learned of Olson and Sanger's illegal marketing conduct.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies that he engaged in conduct that would justify his termination. Defendant denies the remaining allegations in this paragraph.

80.    It did not.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies that he

Page 20 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

engaged in conduct that would justify his termination. Defendant denies the remaining allegations in this paragraph.

81.    A reasonable seller would investigate into the reasons why their agents would be calling numbers using highly illegal calls to numbers on the Do Not Call Registry, let alone as to why it was using illegal caller IDs to place the calls, let alone to individuals who made a company-specific do-not-call request.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

82.    It did not.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

83.    Compass hired Olson and Sanger without a proper investigation and did not terminate them when they were informed of Olson and Sanger's illegal calling conduct.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies that he engaged in conduct that would justify his termination. Defendant denies the remaining allegations in this paragraph.

84.    As such, they knowingly ratified Olson and Sanger's conduct.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

85.    The 2013 FCC ruling holds that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *In re DISH Network*, 28 FCC Rcd. 6592-93 ¶ 46. Evidence of circumstances

Page 21 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id*. at 6593 ¶ 46.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote an FCC ruling, which speaks for itself. Defendant denies all remaining allegations in this paragraph.

86.    Defendants Olson and Sanger may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to cite the TCPA (incorrectly numbered "47 U.S.C. § 217"), which speaks for itself. Defendant denies all remaining allegations in this paragraph.

87.    Olson and Sanger personally directed the TCPA-violative conduct at issue because they personally went off and called the Plaintiff, and Olson expressly ignored and did not forward the Plaintiff's company-specific internal Do Not Call request.

**ANSWER:** Denied.

88.    The purpose of the calls at issue were to advertise and to market Defendants' real estate services.

**ANSWER:** Denied.

Page 22 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

89.    The purpose of the calls was sent to solicit the Plaintiff to sign up for the Defendants' products and services.

**ANSWER:** Denied.

90.    The calls therefore constituted unlawful telemarketing.

**ANSWER:** Denied.

91.    The calls were unwanted.

**ANSWER:** Denied.

92.    The calls were nonconsensual encounters.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

93.    Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

94.    Plaintiff never provided her consent or requested the calls.

**ANSWER:** Denied.

95.    Plaintiff and the Classes have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, battery life, wear and tear, and bandwidth, rendering them unavailable for legitimate communication, including while showering, getting ready for work, driving, working, and performing other critical tasks.

**ANSWER:** Denied.

Page 23 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

## CLASS ACTION ALLEGATIONS

96.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER:** Defendant repeats and re-alleges its responses to the allegations contained in paragraphs 1–95.

97.    Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23 and Oregon Local Rule 23-2.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendants, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Internal DNC Class:** All persons within the United States to whom:
> (1)    Defendants (or a third-party acting on behalf of Defendants) sent
> (2)    two or more telemarketing calls or text message calls in a 12- month period, (3) who were not current customers of the Defendants at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

> **Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendants (or a third-party acting on behalf of Defendants) sent (2) two or more telemarketing calls or text message calls in a 12-month period, (3) without the transmission of caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, or without the transmission of a CPN or ANI that could be used to make an internal do not call request during regular business hours, or both (4) within the four years prior to the filing of the Complaint.

**ANSWER:** Defendant admits only that Plaintiff purports to bring this action on behalf of the putative classes. Defendant denies the remaining allegations in this paragraph and expressly denies that any action or putative class is authorized by Federal Rule of Civil Procedure 23, that this action is certifiable as a class action, and that the proposed class meets the requirements of Federal Rule of Civil Procedure 23.

Page 24 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

98.    Excluded from the classes are Defendants, Defendants' officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

**ANSWER:** Defendant admits only that Plaintiff purports to bring this action on behalf of a putative class. Defendant denies that this action is certifiable as a class action and denies that the proposed class meets the requirements of Federal Rule of Civil Procedure 23.

99.    **Numerosity:** The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendants' records, or those of its agents.

**ANSWER:** Denied.

100.    **Typicality:** Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members in each Class, sustained damages arising out of Defendants' telemarketing calls and Class members sustained similar injuries and damages as a result of Defendants' uniform illegal conduct.

**ANSWER:** Denied.

101.    **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendants have no defenses unique to Plaintiff.

**ANSWER:** Denied.

102.    **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate

Page 25 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a.    whether Defendants systematically made multiple telephone calls to members of the National Do Not Call Registry Classes;

b.    whether Defendants made calls to Plaintiff and members of the National Do Not Call Registry Classes without first obtaining prior express written consent to make the calls;

c.    whether Defendants made calls to Plaintiff and members of the Telemarketing Caller ID class without the transmission of caller ID required by law and;

d.    whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

**ANSWER:** Denied, including subparagraphs a.–d.

103.    **Superiority:** Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  There are hundreds of Class members, such that joinder of all members is impracticable.

**ANSWER:** Denied.

104.    In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a.    The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants;

b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of

Page 26 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.      Defendants have acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

d.      Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER:** Denied, including subparagraphs a.–d.

## COUNT I

### Violations of the TCPA, 47 U.S.C. § 227

### (On Behalf of Plaintiff and the National DNC Class)

105.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** Defendant repeats and re-alleges its responses to the allegations contained in paragraphs 1–104.

106.    It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to cite an FCC regulation, which speaks for itself. Defendant denies the remaining allegations in this paragraph.

107.    Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated the TCPA by causing multiple telephone solicitation calls to be

Page 27 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

108. These violations were willful or knowing.

**ANSWER:** Denied.

109. As a result of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

**ANSWER:** Denied.

110. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** Denied.

## COUNT II

### Violations of the TCPA, 47 U.S.C. § 227

### (On Behalf of Plaintiff and the Internal DNC Class)

111. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** Defendant repeats and re-alleges its responses to the allegations contained in paragraphs 1–110.

112. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency

Page 28 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

113.    Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** Denied.

114.    As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**ANSWER:** Denied.

## COUNT III

### Violations of the TCPA, 47 U.S.C. § 227

### (On Behalf of Plaintiff and the Telemarketing Caller ID Class)

115.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** Defendant repeats and re-alleges its responses to the allegations contained in paragraphs 1–114.

116.    It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that

Page 29 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Plaintiff purports to cite a regulation, which speaks for itself. Defendant denies the remaining allegations.

117.    It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

**ANSWER:** These allegations are not well-pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to cite a regulation, which speaks for itself. Defendant denies the remaining allegations.

118.    Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier.

**ANSWER:** Denied.

119.    These violations were willful or knowing.

**ANSWER:** Denied.

120.    As a result of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

**ANSWER:** Denied.

121.    Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** Denied.

Page 30 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES
      TO FIRST AMENDED CLASS ACTION COMPLAINT**

122. In response to Plaintiff's demand for a jury trial, Defendant denies that any of the allegations set forth in the Amended Complaint allege triable issues against Defendant.

## GENERAL DENIAL

123. Defendant denies all allegations set forth in the Amended Complaint that are not specifically admitted here, including any purported allegations in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

124. Defendant hereby asserts the following defenses to the claims and allegations set forth in the Amended Complaint. By asserting these defenses, Defendant does not admit that he bears the burden of proof or the burden of persuasion with respect to any particular defense.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

125. The Amended Complaint fails to allege facts sufficient to state a cause of action against Defendant. For example, Plaintiff fails to plead facts that any communications allegedly received were those for which the called party is charged, as the TCPA requires.

## SECOND AFFIRMATIVE DEFENSE

### (Residential Number)

126. Plaintiff's claims are barred to the extent her phone number or the putative class members' phone numbers are not residential. For example, a phone number used for business purposes cannot sustain a DNC claim under the TCPA.

## THIRD AFFIRMATIVE DEFENSE

### (Express Permission/Established Business Relationship)

127. Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the calls at issue were made with prior express written permission or consent and pursuant to an established business relationship.

Page 31 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

## FOURTH AFFIRMATIVE DEFENSE

### (No Telephone Solicitation)

128.    Plaintiff's claim against Defendant Sanger fails because he did not initiate a telephone call or message "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." For example, Defendant Sanger sought to purchase the property in question, so he was not calling for the purpose of "encouraging the purchase . . . of . . . services."

## FIFTH AFFIRMATIVE DEFENSE

### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy, and Unclean Hands)

129.    Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, fraud, conspiracy, and/or unclean hands. For example, Plaintiff cannot assert claims to the extent they arise from his own misconduct or wrongdoing. As a further example, Plaintiff cannot assert claims under the TCPA if she acted in bad faith by encouraging any of the complained-of communications.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

130.    Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

131.    Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate their purported damages.

///

///

///

Page 32 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

## EIGHTH AFFIRMATIVE DEFENSE

### (No Knowing or Willful Misconduct)

132.    Any claim for treble damages or penalties is barred because Defendant did not engage in knowing or willful misconduct.

## NINTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

133.    Defendant did not proximately cause any damages, injuries, or violations alleged in the Amended Complaint. Instead, to the extent any harm occurred, the acts of third parties or Plaintiff proximately caused any damages, injuries, or violations at issue, to the extent they occurred at all.

## TENTH AFFIRMATIVE DEFENSE

### (No Standing)

134.    Plaintiff and the putative class members lack standing to bring the claims alleged in the Amended Complaint against Defendant, including under *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). For example, Plaintiff invited the calls she complains about, so any harm allegedly caused (which Defendant denies) is not fairly traceable to any violation allegedly committed by Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

135.    The Amended Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 per call or monetary compensation for actual damages.

///

///

///

Page 33 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

## TWELFTH AFFIRMATIVE DEFENSE

### (First Amendment)

136.    The TCPA and the regulations and rules, interpretations, and other rulings promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny. *See Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2346 (2020) ("Content-based laws are subject to strict scrutiny.").

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

137.    The application of the TCPA upon which the Amended Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive, severe, and oppressive, particularly to the extent Plaintiff seeks them on a class-wide basis. Thus, as applied in this case, any award of damages should be reduced to comport with due process.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (One Call)

138.    The Do-Not-Call claim brought in the Amended Complaint is barred in whole or in part to the extent Plaintiff or the putative class members did not receive more than one telephone call within any 12-month period from Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Do-Not-Call Registry)

139.    Plaintiff's and the putative class members' claims are barred in whole or in part to the extent they did not register their phone numbers on the National Do-Not-Call Registry.

Page 34 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance with Laws)

140.    Defendant is not liable to Plaintiff (or the putative class members) because it acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and other laws.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Practices and Procedures)

141.    The claim brought in the Amended Complaint is barred in whole or in part because Defendant has established and implemented reasonable practices and procedures to prevent violations of the TCPA (including maintaining an internal DNC list) and related regulations, and trains personnel on the same.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

142.    The claim brought in the Amended Complaint is barred in whole or in part because, to the extent there was any violation of the TCPA or the related regulations (which Defendant denies), any such violation was not intentional and resulted from a bona fide error.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

143.    The claim brought in the Amended Complaint is barred because Defendant possessed a good faith belief that it had consent to call the number at issue.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Immediate Threat of Future Injury)

144.    Plaintiff's request for injunctive relief is barred with respect to any alleged TCPA claim as the alleged violations are not likely to recur.

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

145.    Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Defendant gives notice that in the event that this Court certifies any class, which Defendant denies would ever be appropriate, he reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of any such class.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Statutory Standing)

146.    Plaintiff and the putative class members have no statutory standing to bring the alleged TCPA claims to the extent they are not the subscriber or regular user of the phone numbers at issue.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Subject to Terms of Service, Including Consent and Arbitration)

147.    To the extent that Plaintiff and/or the putative class agreed to or are otherwise bound by certain terms and conditions, their claims are barred by their contractual consent to receive telephone calls like those Plaintiff complains of, an agreement to arbitrate their claims on individual bases, and their agreement to exclusive remedies and damages limitations.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

148.    Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that he intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

Page 36 - **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.  That Plaintiff take nothing from Defendant by reason of this Amended

    Complaint, and that judgment be entered in favor of Defendant;

2.  For dismissal of the Amended Complaint with prejudice;

3.  That the Court award Defendant costs and reasonable attorneys' fees;

4.  For such other relief as the Court deems just and proper.

DATED:  April 13, 2026

COSGRAVE VERGEER KESTER LLP


*s/ Timothy J. Fransen*
Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
Telephone: 503-323-9000
Facsimile: 503-323-9019

Ryan D. Watstein (*Pro Hac Vice* forthcoming)
ryan@wtlaw.com
Patrick J. Fitzgerald (*Pro Hac Vice* forthcoming)
pfitzgerald@wtlaw.com
WATSTEIN TEREPKA LLP
75 14th St. NE, Ste. 2600
Atlanta, GA 30309

Attorneys for Defendant Ansel Sanger

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **DEFENDANT ANSEL SANGER'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT** on the date indicated below by:

☐      mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐      hand delivery,

☐      facsimile transmission,

☐      overnight delivery,

☒      electronic filing notification.

If served by facsimile transmission, attached to this certificate is the printed confirmation of receipt of the documents generated by the transmitting machine.  I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney at the address listed below:

Andrew Roman Perrong
Perrong Law LLC
2657 Mount Carmel Ave.
Glenside, PA 19038
a@perronglaw.com

Anthony Paronich, Admitted *Pro Hac Vice*
Paronich Law PC
350 Lincoln St., Ste. 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Attorneys for Plaintiff and the Proposed Class*

Craig G. Russillo
Kirsten Noelle Rasmussen
Schwabe Williamson & Wyatt PC
1211 SW Fifth Ave., Ste. 1800
Portland, OR 97204
crussillo@schwabe.com
krasmussen@schwabe.com

*Attorneys for Defendant Rachel Olson*

///

///

///

///

Page 1 – **CERTIFICATE OF SERVICE**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Calon Nye Russell
Sheppard Mullin Richter & Hampton LLP
4 Embarcadero Ctr., Ste. 1700
San Francisco, CA 94111
crussell@sheppardmullin.com

Julie M. Engbloom
Tadjedin Thomas & Engbloom Law Group LLP
1211 NW Glisan St., Ste. 203
Portland, OR 97209
juliee@ttelawgroup.com

Dane C. Brody Chanove, Admitted *Pro Hac Vice*
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Ste. 100
San Diego, CA 92130
dbrodychanove@sheppardmullin.com

Jay T. Ramsey, Admitted *Pro Hac Vice*
Sheppard Mullin
1901 Avenue of the Stars, Ste. 1600
Los Angeles, CA 90067
jramsey@sheppardmullin.com

Vera Warren
TTE Law Group
1211 NW Glisan St., Ste. 203
Portland, OR 97209
veraw@ttelawgroup.com

*Attorneys for Defendants Compass Washington,
LLC and Compass, Inc.*

DATED:  April 13, 2026

*s/ Timothy J. Fransen*
Timothy J. Fransen

Page 2 – **CERTIFICATE OF SERVICE**